UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FADEL ELBADRAMANY,

    Petitioner,

-vs-                                                                             Case No. 6:09-cv-136-Orl-31KRS

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.

_____/

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 5), a supplemental response (Doc. No. 14), and a second supplemental response (Doc. No. 18) to the petition for writ of habeas corpus. Petitioner filed replies (Doc. Nos. 6, 7, 11, 12, 17, 20 & 21) to the responses.

*I.*    *Procedural History*

Petitioner was charged by amended information with one count of grand theft over twenty thousand dollars (count one) and one count of failure to comply with sales or reservation deposits requirements prior to closing (count two). A jury trial was held, and Petitioner was found guilty as to count one and not guilty as to count two. On February

11, 2005, the trial court adjudicated Petitioner guilty of grand theft over twenty thousand dollars and sentenced him to imprisonment for a term of fifteen years. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam* on August 8, 2006. Petitioner's motion for rehearing was denied on September 27, 2006. Mandate was issued on October 16, 2006.

On November 14, 2006, Petitioner, through counsel, filed a motion for modification and/or reduction of sentence pursuant to Florida Rule of Criminal Procedure 3.800(c) with the state trial court, which was denied on March 16, 2007. Petitioner did not appeal the denial.

On June 25, 2007, Petitioner filed, *pro se*, a pleading entitled "Statement of Newly Discovered Facts and Defendant's Motion for Modification and/or Reduction of Sentence," and he referenced Rule 3.800(c) in the motion.[1] The motion was denied on July 9, 2007, and Petitioner attempted to appeal the denial. However, on November 27, 2007, the state appellate court dismissed the appeal for lack of jurisdiction.

On November 29, 2007, Petitioner filed a notice of appeal, which the Supreme Court of Florida treated as a petition for writ of mandamus and allowed Petitioner time to file a proper petition. Petitioner then filed an amended petition for writ of mandamus with the

---

[1]This is the filing date under the "mailbox rule," which is the date when the motion was signed and presumably submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule.

Supreme Court of Florida on February 12, 2008, which entered an order on June 17, 2008, treating the petition as a petition for writ of habeas corpus and transferring the case to the state trial court for consideration as a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The Supreme Court of Florida found that the "transferee court shall treat the petition as if it had been originally filed there on the date it was filed in this Court."

On July 9, 2008, the trial court entered an order dismissing the motion because it failed to include a proper oath. On July 21, 2008, Petitioner filed a pleading that attempted to cure the oath defect. The trial court entered an order on October 1, 2008, dismissing that pleading. Petitioner did not appeal the denial.

On October 2, 2008, Petitioner filed a Motion to Enforce Order of June 17, 2008, and Recuse/Disqualify Prohibit Judge Michael Hutchson, with the Supreme Court of Florida, which treated the motion as a Petition for Writ of Prohibition and transferred the case to the Fifth District Court of Appeal. On December 22, 2008, the Fifth District Court of Appeal denied the petition.[2]

## II.     Petitioner's Habeas Petition is Untimely

### A.     Legal Standard

Pursuant to 28 U.S.C. § 2244,

>    (d)(1)   A 1-year period of limitation shall apply to an application for

---

[2]On July 7, 2008, Petitioner filed a federal habeas petition in this Court, *see* case number 6:08-cv-1084-31DAB, which was dismissed without prejudice on December 2, 2008, because of Petitioner's failure to comply with a court order.

a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>   (A)   the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>   (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

B.   *Discussion of Petitioner's Case*

In the present case, Petitioner's conviction became final under Florida law on October 16, 2006, when the state appellate court issued mandate with regard to his direct appeal. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on direct appeal."). However, under section 2244(d)(1)(A), the Court must include the time that Petitioner could have sought review with the United States Supreme Court. *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, Petitioner's conviction, for purposes of §

2244(d)(1)(A), became final, at the latest, on December 26, 2006, which was ninety days after the appellate court denied Petitioner's motion for a rehearing. *See* Sup. Ct. R. 13(3).[3] Petitioner then had until December 26, 2007, absent any tolling, to file a federal habeas petition regarding such conviction. Petitioner's federal habeas petition was filed on January 20, 2009.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. Petitioner's November 14, 2006, Rule 3.800(c) motion did not toll the one-year period since "a 3.800(c) motion is not an application for State post-conviction or other collateral review with respect to the pertinent judgment under § 2244(d)(2) that tolls AEDPA's one-year limitations period." *Alexander v. Secretary, Department of Corrections*, 523 F.3d 1291, 1299 (11th Cir. 2008) (quotation omitted). Likewise, the June 25, 2007, Rule 3.800(c) motion did not toll the one-year period.

Since the Supreme Court of Florida treated Petitioner's November 29, 2007, notice of appeal as a petition for writ of mandamus and then found that it should be treated as

---

[3]United States Supreme Court Rule 13(3) provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

a Rule 3.850 motion, the Court finds that the one-year period of limitation was tolled as of November 29, 2007. Therefore, at that juncture, 338 days of the one-year period of limitation had run. Those proceedings concluded on October 31, 2008, which was thirty days after the trial court entered its order denying the amended Rule 3.850 motion.[4] Accordingly, the one-year period expired 28 days later on November 28, 2008,[5] and the instant habeas petition was untimely.[6]

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.[7]

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Petition for Writ of Habeas Corpus filed by Fadel Elbadramany is

---

[4]Petitioner did not appeal the denial, and the time for seeking such review expired 30 days after the order was entered. *See* Fla. R. App. P. 9.110(b).

[5]Since November 27, 2008, was a holiday, the applicable date is November 28, 2008.

[6]Petitioner's October 2, 2008, petition for writ of prohibition did not toll the one-year period because it was not a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment." *See Symons v. Symons*, 7 So. 3d 546, 547 (Fla. 3rd DCA 2008) (" Prohibition is a remedy to prevent judges (and officers of lower tribunals or administrative agencies acting in a quasi-judicial capacity) from acting outside of their jurisdiction or exceeding their power over the matter. Because a writ of prohibition is preventive, it is generally directed to prevent future action rather than to correct or prevent the enforcement of orders already entered.").

[7]Petitioner appears to argue that his previously filed federal habeas petition should toll the one-year period of limitation; however, the prior federal habeas petition did not toll the one-year period. *Duncan v. Walker*, 533 U. S. 167, 181-82 (2001) (holding that § 2244(d)(2) does not toll the limitations period during the pendency of a prior federal habeas corpus petition).

**DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 21st day of September, 2010.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:

sa 9/21

Counsel of Record